**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

OSCAR OROZCO,

        Petitioner,

        v.                          CAUSE NO. 3:26-CV-351-TLS-APR

WARDEN,

        Respondent.

**OPINION AND ORDER**

Oscar Orozco, a prisoner without a lawyer, filed a habeas corpus petition (ECF 2) under 28 U.S.C. § 2254 challenging his St. Joseph County murder conviction under Case No. 71D03-1902-MR-2. ECF 2. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons explained below, the petition is dismissed as untimely.

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) contains a strict statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

After Orozco was sentenced, he appealed to the Court of Appeals of Indiana which affirmed his conviction. His petition to transfer to the Indiana Supreme Court was denied July 23, 2020. His conviction became final under 28 U.S.C. § 2244(d)(1)(A) on November 2, 2020, when the time expired for petitioning for certiorari to the U.S. Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining for habeas petitioners who do not complete all levels of review, the judgment becomes final when the time for seeking further review expires); U.S. Sup. Ct. R. 13(1) (explaining petition for writ of certiorari must be filed within 90 days of state court's judgment).

Under AEDPA, Orozco had one year to file his habeas corpus petition. Though the time during which a properly filed post-conviction relief petition is pending is not included in that year, he did not file his post-conviction relief petition until February 18, 2022, more than three months after the deadline of November 2, 2021. The habeas petition form asks petitioners to explain why the petition is timely. Orozco wrote, "Direct Appeal Denied April 16, 2020, transfer denied July 23, 2020, Post Conviction Relief filed February 18, 2022, denied." ECF 2 at 8. As explained, those dates show this habeas corpus petition is untimely. Nothing in his answer or any other part of the petition indicates State action impeded him from filing a habeas corpus petition

sooner, that his claims are based on a newly recognized constitutional right, or that his claims are based on newly discovered evidence. Thus, 28 U.S.C. § 2244(d)(1)(A) sets the start of the limitation period and this petition is untimely.

This habeas corpus petition is untimely and must be dismissed. Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As explained, this petition is untimely, and the court finds no reason to conclude that reasonable jurists would debate this ruling. Orozco will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 2) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 20, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT